UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED
NOV 14 1997
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

AMERICAN CENTRAL INSURANCE COMPANY,
    Plaintiff;

-vs.-

JAMES B. STEADMAN,
    Defendants.

No. CV-96-P-1320-S

ENTERED
NOV 17 1997

## OPINION

The defendant's Motion for Summary Judgment was considered at a prior motion docket. For the following reasons, this motion is due to be granted in part and denied in part.

### Facts[1]

Plaintiff American Central Insurance Company ("American Central") insured Martin Center Ltd. ("Martin Center") pursuant to a commercial property insurance policy. The insurance policy was procured by Martin Center through its insurance agent, defendant James B. Steadman ("Steadman").

On April 15, 1994, Martin Center suffered property damage as a result of a tornado or strong winds. Martin Center contacted its agent, defendant Steadman, to apprise him of the loss and thereafter submitted a claim to American Central for property damage totaling $183,340.46. American Central investigated the claim and disputed the cause of the loss, the alleged damage and the amount of the claim.

---

    1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the plaintiff.

On May 23, 1994, at the urging of Martin Center, defendant Steadman traveled to Atlanta, Georgia to meet with representatives of American Central, including Robert O. Lilley, regarding possible settlement of Martin Center's claim. Mr. Lilley explained that American Central disputed the claim, but was willing to offer a compromise settlement to dispose of the claim. Accordingly, Mr. Lilley gave Steadman a check from American Central payable to Martin Center in the amount of $57,608.46, which was marked "full and final". Mr. Lilley also gave Steadman a "Policyholder's Release" with instructions to deliver it to Martin Center for execution.

Mr. Lilley instructed Steadman to deliver the check and Release to the principals of Martin Center and to explain to them that the check was for full and final payment of their claim. Mr. Lilley has testified in his deposition that he told Steadman to have the insured's representatives execute the Release prior to delivering the check for endorsement and cashing. If they did not want to settle in full for that amount, Steadman was to return the check and Release to Lilley. Steadman understood that this check represented a compromise offer to settle the insurance claim.

Later that day, Steadman presented the Release and settlement check to the principals of the Martin Center, the Martins. The Martins refused to sign the release after noting the amount of the check. The Plaintiffs assert that Steadman told the Martins that they could mark through the "Full and Final" language on the check, and cash it without signing the release. According to the Plaintiffs, the Martins did exactly this on Steadman's instructions. Later, American Central was forced to continue to negotiate with the Martins and pay additional sums regarding settlement of their claims because they were without the benefit of the Release. American Central has filed a three count complaint against Steadman alleging: 1) fraudulent misrepresentation; 2) negligence;

and 3) an alternative theory of liability based on the assignment of claims that Martin may have against Steadman.

## Analysis

Count I of the Complaint alleges that Steadman made a material misrepresentation to the Plaintiff with a present intention to deceive that was relied on by the Plaintiff to their detriment. This is a claim for fraudulent misrepresentation. The Defendant is due to be granted summary judgment as to this claim because the Plaintiff has not established any facts upon which a reasonable jury could conclude that the Defendant intended to deceive the Plaintiff and intended not to perform the promised act. See, *Brown-Marx Assoc. v. Emigrant Savings Bank*, 703 F.2d 1361(11th Cir. 1983). In the Plaintiff's response to the Defendant's Motion, they attempt to recharacterize Count I of their complaint as an allegation of fraudulent suppression -- a claim that does not require specific intent. However, the clear and explicit language of Count I of the Complaint makes allegations of only fraudulent misrepresentation and does not allege the elements of fraudulent suppression. Thus, the court finds no basis for evaluating Count I by the standards of a claim for fraudulent suppression, as urged by the Plaintiffs..

The Defendant's Motion for Summary Judgment is due to be denied as to the Plaintiff's claim for Negligence because there are genuine disputes of material fact regarding this claim.

The Defendant is due to be granted Summary Judgment on Count III because Martin Center has no claims against the Defendant from which American Center could benefit as an assignee.

## Conclusion

The Defendant's Motion For Summary Judgment is due to be granted as to Counts I and III and denied as to Count II.

Dated: November _14_, 1997

                                                        Chief Judge Sam C. Pointer, Jr.

Service List:
    Mr. R. Larry Bradford
    Mr. Bert S. Nettles
    Mr. Robert M. Finlayson

4